Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
Garden City Boxing Club, Inc.

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Garden City Boxing Club, Inc., | Case No. CV 07-5927 WHA |
| Plaintiff, | |
| vs. | PLAINTIFF'S UNILATERAL CASE MANAGEMENT CONFERENCE STATEMENT |
| Robert Floyd Reman, et al. | FOR:    Honorable William H. Alsup |
| Defendant. | DATE:  February 28, 2008 |
| | TIME:  11:00 AM |

Pursuant to this Court's Civil Local Rules, the Plaintiff submits this Unilateral Case Management Statement for the consideration of this Honorable Court.

This Statement is unilateral in nature because as of this writing, Defendant Robert Floyd Reman failed to respond to Plaintiff's Complaint.  Plaintiff requested entry of default from the Clerk of the Court, and default was entered by the Clerk on February 13, 2008.

**Wherefore**, the Plaintiff makes the following representations and recommendations to the Court in advance of the Case Management Conference, presently set for Thursday, February 28, 2008:

///

///

**A.    Bases of Subject-Matter Jurisdiction, Personal Jurisdiction and Venue**

The instant suit provides for federal question jurisdiction. Violations of two (2) federal telecommunications statutes (47 USC 553, *et seq*., and 47 USC 605, *et seq*.), are alleged against Defendant. A common count claim of Conversion is also pled in the Complaint. The Court has pendent jurisdiction of this common-count claim.

Venue is proper in the Northern District of California, because a substantial part of the events or omissions giving rise to the claim occurred in this District. The Plaintiff is unaware of any issues concerning venue of this action or personal jurisdiction involving the named defendant.

**B.    Brief Description of Claims and Defenses and a Description of Related Proceedings**

The Plaintiff claims that Defendant Robert Floyd Reman (and/or his agents or employees) misappropriated a televised professional boxing program to which the Plaintiff owned the exclusive domestic commercial exhibition rights and thereafter exhibited the program at the restaurant (Golden Q Billiards a/k/a Reman & Associates) he operates. The subject program, broadcast on November 27, 2004, was the *Erik Morales v. Marco Antonio Barrera III World Featherweight Championship Fight Program* (hereinafter "*Program*").

There are no related proceedings, including any administrative proceedings, pending at this time, however, concurrent with the filing of this Statement, Plaintiff has filed its Application of Default Judgment by the Court and pleadings in support thereof. Plaintiff has noticed a hearing date of March 27, 2008 concerning its Application.

**C.    Summary of Proceedings to Date/Compliance with Initial Disclosures**

Because Defendant Reman is in default, the Plaintiff has not made its Initial Disclosures to the Defendant.

The Initial Case Management Conference presently on calendar for February 28, 2008 shall be the first proceeding conducted in this action.

///

///

**D.        Pending Motions and Current Status**

There are no motions pending at this time, however concurrent with the filing of this Statement, Plaintiff has filed its Application for Default Judgment by the Court.

**E.        Brief Description of Motions Expected Before Trial**

Plaintiff does not anticipate filing additional motions at this particular time.

**F.        Joinder of Additional Parties/Dismissal of Current Parties**

The Plaintiff does not anticipate dismissing the current Defendant to the action nor does Plaintiff anticipate joining additional parties with liability for the unlawful exhibition of Plaintiff's *Program* at the Defendant's place of business.

**G.        Evidentiary/Claim-Construction/Class Certification Hearings**

In the event such becomes necessary, Plaintiff anticipates an evidentiary hearing on the issues of statutory damages, attorneys' fees and costs.  Claim-construction and or class certification hearings are not anticipated by the Plaintiff.

**H.        Compliance with Evidence-Preservation Requirements.**

The Plaintiff and its counsel have taken affirmative steps to preserve evidence related to the issues presented by the instant action, including but not limited to those set forth in Paragraph Four (4) of the Court's Supplemental Order and F.R.C.P. 26 (d).

**I.        Stipulated Discovery Limits**

The Plaintiff has not stipulated to any discovery limits differing from the Federal Rules of Civil Procedure at this time.

///
///
///
///

**J.        Proposed Deadlines**

The Plaintiff respectfully requests that the Court withhold setting deadlines until reciprocal exchanges of initial disclosures have been made, the ADR conference is completed and the initial Case Management Conference is conducted in this action.

**K.     Jury Demand**

Should such become necessary, the Plaintiff requests a bench trial.

**L.     Damages and Other Relief**

Plaintiff seeks statutory damages, actual damages, attorney's fees and costs against the named Defendant.  The computation of Plaintiff's damages prayed for in the complaint filed in this action are, as follows:

| | | |
|---|---|---|
| a. Count I: 47 U.S.C. 605 (e)(3)(B)(iii) and (c)(ii): | | $ 50,000.00 |
| b. Count II: 47 U.S.C. 553 (b)(2) and (c)(2)(c): | | $ 50,000.00 |
| c. Count III: Conversion: | | $  1,600.00 |
| | Total: | $ 101,600.00 |

**M.     Alternative Dispute Resolution**

As of this writing, the parties have not been assigned to an ADR process.   The Plaintiff requests a Settlement Conference before a District Court Magistrate.

**N.     Consent to Magistrate Judge**

The Plaintiff does not consent to disposition and trial of this action by a magistrate judge.

**O.     Service List of Counsel**

**Plaintiff's Counsel:**

Thomas P. Riley:      Telephone: 626-799-9797      Facsimile: 626-799-9795

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Pursuant to Civil L.R. 16-12, the undersigned, as lead trial counsel, certifies that he has read the brochure entitled "Dispute Resolution in the Northern District of California", discussed the available dispute resolution options provided by this Court and private entities, and has considered whether this case might benefit from any of the available dispute resolution options.

Respectfully submitted,

Dated: February 21, 2007                    /s/ Thomas P. Riley
                                            **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                                            By: Thomas P. Riley
                                            Attorneys for Plaintiff
                                            Garden City Boxing Club, Inc.

///

///

///

///

///

///

///

///

///

///

1

2                              **CASE MANAGEMENT ORDER**

3

4
        **The Case Management Statement and Proposed Order is hereby adopted by the Court**
5  **as the Case Management Order for the case and the parties are ordered to comply with this**
   **Order.  In addition the Court orders:**
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Dated:                                    _____
                                              **HONORABLE WILLIAM H. ALSUP**
26                                            United States District Judge
                                              Northern District of California
27

28

**PROOF OF SERVICE (SERVICE BY MAIL)**

I declare that:

I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, CA 91030.  I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On February 21, 2008, I served:

**PLAINITFF'S UNILATERAL CASE MANAGEMENT STATEMENT**

On all parties in said cause by transmitting a true copy by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was duly mailed and addressed to:

Robert Floyd Reman   (Defendant)
2901 Glascock Street
Oakland, CA 94601

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on February 21, 2008, at South Pasadena, California.

Dated:  February 21, 2008                    */s/ Raquel Hernandez*
                                             RAQUEL HERNANDEZ